UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COLDWELL BANKER REAL ESTATE CORP. | CIVIL ACTION |
| VERSUS | NO. 06-2515 |
| DANETTE O'NEAL ET AL. | SECTION "C" (2) |

### ORDER ON MOTION

APPEARANCES:   None (on the briefs)

MOTION:   Defendants' Motion to Quash Plaintiff's Subpoena Duces Tecum to Brian E. Adorno, Record Doc. No. 59

O R D E R E D:

 XXX : DENIED. Defendants have failed to comply with my order requiring the submission of necessary evidentiary materials and a privilege log by December 15, 2006. Record Doc. No. 67. The parties resisting discovery by asserting any privilege bear the burden of proof sufficient to substantiate their privilege claims and cannot rely merely on a blanket assertion of privilege. United States v. Newell, 315 F.3d 510, 525 (5th Cir. 2002); In re Santa Fe Int'l Corp., 272 F.3d 705, 710 (5th Cir. 2001); High Tech Communications, Inc. v. Panasonic Co., 1995 WL 45847, at *1 (E.D. La. Feb. 2, 1995) (Vance, J.) (citing Hodges, Grant & Kaufman v. United States, 768 F.2d 719, 721 (5th Cir. 1985)). As one leading commentator has succinctly explained the procedure,

> Once the proponent has properly asserted the privilege claim and the requisite information about the allegedly privileged document provided to the opponent, the proponent must substantiate all actual assertions about the claim. This is usually done through supporting affidavits from individuals with personal knowledge of the relevant facts, exhibits attached

> <u>to the motion and briefs</u>, discovery responses, pleadings and other undisputed facts. . . . To the extent that <u>evidentiary support for the factual basis of the privilege is not forthcoming</u>, the claim is little more than a bald, conclusory, or ipse dixit assertion. The court will deny such an assertion because it forecloses meaningful independent inquiry by the finder of facts (the judge) into the validity of the claim. . . . Although an attorney's word may be "taken on its face," a privilege claim is not self-executing. It requires more proof than a conclusion by the party asserting the claim (or his attorney) that it is justified.

P. Rice, <u>Attorney-Client Privilege in the United States</u> § 11:10 at 977-80 (Lawyers Coop. 1993) (emphasis added). Only after the parties resisting discovery have borne their evidentiary burden of establishing privilege does the burden shift back to the party seeking discovery to establish that the materials are nevertheless discoverable, for example, by proving waiver or otherwise. Defendants have made no evidentiary showing in support of this motion and have also failed to provide the required privilege log. In other contexts in which a privilege log is required, failure to provide the log has resulted in a finding that any privilege has been waived. <u>Nagele v. Electronic Data Sys. Corp.</u>, 193 F.R.D. 94, 108 (W.D.N.Y. 2000); <u>Bordonaro v. Union Carbide Corp.</u>, No. 93-3355, 1995 WL 234545, at *2 (E.D. La. April 20, 1995) (Duval, J.); <u>Burns v. Imagine Films Entertainment, Inc.</u>, 164 F.R.D. 589, 594 (W.D.N.Y. 1996); <u>Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n</u>, 914 F. Supp. 1172, 1178 (E.D. Pa. 1996).

Thus, in connection with the instant motion, defendants have neither properly asserted privilege as an objection nor supported the privilege objection with evidence, and the objection cannot be sustained on this record.

In addition, defendant's relevance objection is overruled. It appears that the subpoena seeks relevant information and is reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).

New Orleans, Louisiana, t1his  29th  day of December, 2006.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE