UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **COLDWELL BANKER REAL ESTATE CORP.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-2515** |
| **DANETT O'NEAL, ET AL** | **SECTION: "C"** |

## ORDER AND REASONS

This matter comes before the Court on the plaintiff's Motion for Review of the Magistrate Judge's December 11, 2006 order denying the plaintiff's motion for a protective order. The plaintiff seeks to have this Court issue a protective order that prevents the defendants from deposing Coldwell Banker Real Estate Corporation ("Coldwell Banker") executives, James Gillespie ("Gillespie") and Richard Smith ("Smith"), or alternatively, to order that corporate representatives be deposed prior to of these witnesses. The plaintiff argues that Magistrate Wilkinson erred by characterizing the scope of the relevant issues and evidence in the case too broadly and incorrectly declined to order the defendants to depose a corporate representative prior to deposing the individuals in question in order to secure the requested information in the most efficient and least burdensome manner possible. The defendants oppose this motion, arguing that Gillespie and Smith have personal knowledge of the events in question and that their depositions are likely to elucidate key facts in this litigation.

A district court may only reverse a Magistrate Judge's ruling where the court finds the

ruling to be "clearly erroneous or contrary to law." FED. R. CIV. PRO. 72(a); *Castillo v. Frank*, 70 F.3d 382 (5th Cir. 1995). "This highly deferential standard requires the court to affirm the decision of the Magistrate Judge unless 'on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed.'" *Benoit v. Nintendo of American*, 2001 WL 1524510, *1 (E.D.La. 2001) (citing, *United States v. United States Gypsum Co.,* 333 U.S. 364, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)). A motion to review is appropriate when a Magistrate Judge has obviously misapprehended a party's position, the facts, or the applicable law, or when the party produces new evidence that could not have been obtained through the exercise of due diligence." *Gaffney v. U.S. Dep't of Engergy,* 2000 WL 1036221, *2 (E.D.La. 2000).

This issue rased here is whether the Magistrate Judge was in clear error to find: (1) that the claims and defenses of this case are based on the contractual relationship between the parties; (2) that the defendants do not have to depose other corporate representatives before Gillespie and Smith. The plaintiff argue that the Magistrate Judge's characterization of the case was too broad. It supports a much narrower description of the issues. Specifically, the plaintiff argues that the case is not about the parties' contractual relationship, but rather whether performance of the contract can be excused by Hurricane Katrina. Furthermore, the plaintiff argues that Gillespie and Smith should not be deposed because they do not have personal knowledge of the claims and defenses, but rather a only general knowledge of the defendants.

The defendants disagree. They contend that the Magistrate Judge's ruling was not clearly erroneous in any respect. They assert that the Magistrate Judge correctly described the case as one involving a contract and that Gillespie and Smith have personal knowledge of the facts of

this case.  They argue that the depositions of Gillespie and Smith are likely to shed light on the events that occurred after Hurricane Katrina.

The Court agrees with the defendants.  The Magistrate Judge was not clearly erroneous to characterize this lawsuit as one in which the claims and defenses are based upon the contractual relationship between the plaintiff and defendants.  Although the plaintiff argues that this case is more specifically about whether Hurricane Katrina voided the defendants' contractual obligations, characterizing the case as concerning a contractual relationship is not clearly erroneous.

Furthermore, in his December 11, 2006 order, the Magistrate Judge said that Gillespie and Smith were directly involved in the post-Katrina dealings that are highly relevant to the claims and defense and that, "[a]t a minimum, . . .these witnesses have personal knowledge that bears further exploration in the form of discovery depositions that are reasonable calculated to lead to the discovery of admissible evidence."  The plaintiff argues that this case is about the effects of Hurricane Katrina on the contract.  The Magistrate Judge determined that Gillespie and Smith have personal knowledge of events that occurred after Hurricane Katrina.  Thus, the Court concludes that the Magistrate Judge was not clearly in error in denying the plaintiff's motion for a protective order.

The Court recognizes that Gillespie and Smith are high ranking executives.  However, they apparently have personal knowledge of relevant facts.  Thus, there is no reason to order that other corporate representative be deposed prior to or in lieu of Gillespie and Smith.  The depositions of other corporate representatives will not lead shed light on the personal knowledge that Gillespie and/or Smith may possess.

Accordingly,

IT IS ORDERED that the plaintiff's Motion for Review of Magistrate's Order is hereby **DENIED**.

New Orleans, Louisiana this 23rd day of January, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE