UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COLDWELL BANKER REAL ESTATE CORPORATION | CIVIL ACTION |
| VERSUS | NO: 06-2515 |
| DANETTE O'NEAL and DANETTE O'NEAL REALTORS, INC. | SECTION: "C" (2) |

## ORDER AND REASONS[1]

Before the Court is a Motion to Enforce Consent Judgment, filed by Plaintiff Coldwell Banker Real Estate Corporation. Rec. Doc. 144. Defendants, Danette O'Neal and Danette O'Neal Realtors, Inc. filed a response to Plaintiff's Motion. Rec. Doc. 150. The motion is before the Court on the briefs, without oral argument. Plaintiff's Motion to Enforce Consent judgment is GRANTED for the following reasons.

## I. BACKGROUND

This case is before the Court on a Motion to Enforce Consent Judgment, filed by the plaintiffs. Rec. Doc. 144. Both parties agree on the underlying facts of the case. Rec. Doc. 150. On May 15, 2006, Coldwell Banker filed an action against Danette O'Neal and Danette O'Neal Realtors, Inc., Civil Action No. 06-2515 in the United States District Court for the Eastern District of Louisiana. Rec. Doc. 1. Coldwell alleged that defendants infringed on its trademarks,

---

[1] Anna Elsohn, a second year student at Loyola University New Orleans College of Law assisted in the preparation of this opinion.

breached the franchise agreement and failed to repay two loans provided to defendants by Coldwell Banker. Rec. Doc. 144-2 at 2. The parties entered a Settlement Agreement on May 2, 2007. Rec. Doc. 144-3. Pursuant to this Agreement, defendants agreed to pay $56,000 in the following manner: "one payment of $2,000 to be paid on the 15th day of the 8th month following the Effective Date; 24 monthly payments of $750 to be paid on the 15th day of each succeeding month thereafter, for a total of $18,000; and 36 monthly payments of $1,000 to be paid on the 15th day of each succeeding month thereafter, for a total of $36,600." *Id*. The parties also agreed to execute a Consent Judgment that Coldwell Banker would enforce if defendants were to default on their obligations under the Settlement Agreement. *Id*. In addition, the parties agreed that Coldwell Banker would provide defendants 7 calendar days written notice of its intent to file and execute or enforce the Consent Judgment prior to taking any action, and such notice would permit the Defendants 3 business days within which to make the required payment. *Id*. On May 11, 2007, the Court entered an Order dismissing the case because of the Settlement. Rec. Doc. 143. The order stated that "[t]his Court will retain continuing jurisdiction for the purpose of any proceeding or dispute arising out of or relating to this Order or the agreement made or entered by the parties as of May 2, 2007... or its applicability including without limitation enforcing the terms of the Settlement Agreement." *Id*.

At the time that the plaintiff filed its Motion to Enforce Consent Judgment, the defendants had only paid $750. Rec. Doc. 144-2 at 4. Defendants also made a payment of $2,000 but the check was not honored by the bank. *Id*. Coldwell Banker sent notice and opportunity to cure letters on January 25, March 11, and March 27, 2008. Rec. Doc. 144-4 at 1, *Id*. at 2, *Id*. at 3. On January 7, 2009, Coldwell Banker provided the fourth and final notice. *Id*.

at 4. Defendants have advised that they are unable to make the payments. Rec. Doc. 150 at 2. Defendants request that this Court delay ruling on the Motion to Enforce for 30 days to permit the parties to explore a realistic solution to the renewed dispute between them. *Id*. at 3.

## II. ANALYSIS

As this Court specifically retained jurisdiction for the purpose of disputes arising out of the settlement agreement, this Court does have the authority to enforce the agreement. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 114 S.Ct. 1673 (1994) (holding that district courts do not have the inherent power to enforce terms of settlement agreements under the doctrine of ancillary jurisdiction, but that the court's retention of jurisdiction over settlement contract may, in court's discretion, be one of terms set forth in the order dismissing the case.) In their memorandum opposing Plaintiff's motion, defendants alleged that Ms. O'Neal has two prior judgments against her, including one obtained by the Internal Revenue Service. Rec. Doc. 150 at 2. Defendants asked that the Court delay enforcement of the Consent Judgment for 30 days to allow the parties to determine if the settlement can be modified in order to allow Defendants to satisfy Coldwell Banker in a manner consistent with their limited financial means. *Id*. at 3. Defendants' motion was filed with this Court on April 7,2009, however, so the Defendants have had ample time to discuss this matter with the Plaintiffs.

This case is an unfortunate Hurricane Katrina casualty. Due to the storm's damage to the defendants' real estate market, what began as a potentially mutually beneficial relationship, soured into this litigation. The Court urges the parties, and in particular the plaintiff, to be reasonable in what can be expected to be recovered from this Consent Judgment.

## III. CONCLUSION

Accordingly, the Court GRANTS Plaintiff's Motion to Enforce Consent Judgment. Rec. Doc. 144.

New Orleans, Louisiana this 9th day of July, 2009.

_____
**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**